**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **NEW YORK MARINE AND** | § | |
| **GENERAL INSURANCE COMPANY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **TRAVIS DALE WOOD AND MICKLE** | § | |
| **J. ROGERS,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE UNITED STATES DISTRICT COURT:

Plaintiff New York Marine and General Insurance Company ("New York Marine") files this Original Complaint for Declaratory Judgment and respectfully shows:

### I.     THE PARTIES

1.     Plaintiff New York Marine and General Insurance Company is a New York insurance company with its principal place of business in New York.

2.     Defendant Travis Dale Wood ("Wood") is an individual residing in the State of Texas and may be served with process at his residence at 4500 Hwy. 64 W., Henderson, Texas 75652.

3.     Defendant Mickle J. Rogers ("Rogers") is an individual residing in the State of Texas and may be served with process at his residence at 1035 PR 5000, Ledbetter, Texas 78946.

## II.    JURISDICTION

4.    The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. New York Marine is a citizen of the State of New York. Defendants Wood and Rogers are citizens of the State of Texas. This is a civil action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction is also proper because the issues presented in this suit are ripe for adjudication. A decision on these issues will directly affect underlying litigation involving Defendants.

## III.    VENUE

5.    Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391 because Defendant Travis Dale Wood is a resident of the Eastern District of Texas and, alternatively, a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

## IV. BACKGROUND

6.    New York Marine brings this action for declaratory judgment to determine its rights and obligations under a business auto policy issued to Rental Xpress, LLC ("Rental Xpress"). Rental Xpress and its driver Wood were sued in the underlying litigation styled *Mickle J. Rogers v. Rental Xpress, LLC, et al.*; Cause No. 2018-128; pending in the 4th Judicial District Court of Rusk County, Texas (the "underlying lawsuit").

7.    Roger's First Amended Petition is the most recent pleading on file in the underlying lawsuit. According to the First Amended Petition, a vehicle operated by Wood and owned by Rental Xpress collided with a vehicle operated by Rogers on or about October 10,

2017, resulting in injuries to Rogers. The First Amended Petition alleges that Wood was operating the vehicle with the permission of Rental Xpress and that Rental Xpress entrusted the vehicle to Wood.

8.     The evidence conducted in the underlying lawsuit, however, establishes that Wood was not using the subject vehicle with the permission of Rental Xpress. The evidence instead indicates that Wood was operating the vehicle after his shift with Rental Xpress ended, and he did not have permission to drive the vehicle from the work site. The evidence indicates that Wood was not hired by Rental Xpress as a driver, was not authorized to use any company vehicle, and Rental Xpress did not entrust the vehicle to Wood.

9.     Rogers in the underlying lawsuit brings claims for negligence and gross negligence against Wood and Rental Xpress and negligent entrustment against Rental Xpress. Rogers seeks damages for pain and suffering, mental anguish, loss of earning capacity, physical impairment, disfigurement, and medical expenses. Rogers also seeks exemplary damages.

10.     Since the initiation of the underlying lawsuit, Wood has failed to cooperate, refused to provide testimony in the underlying lawsuit, refused to communicate with defense counsel, and refused to communicate with New York Marine regarding the defense of the underlying lawsuit.

## V.     THE POLICY

11.     New York Marine issued a Business Auto Policy No. AU201700006317 to Defendant Rental Xpress for the policy term February 1, 2017, to February 1, 2018. The policy includes a $1,000,000.00 per occurrence limit for covered autos. The policy provides in relevant part:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos".  However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense".  However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.  We may investigate and settle any claim or "suit" as we consider appropriate.  Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

    **1. Who Is An Insured**

    The following are "insureds":

    **a.**  You for any covered "auto".

    **b.**  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

        (1)  The owner or anyone else from whom you hire or borrow a covered "auto".

            This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

        (2)  Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

        (3)  Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

        (4)  Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

        (5)  A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by his or her household.

    **c.**   Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

* * *

## SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

    **A. Loss Conditions**

        **2. Duties In The Event Of Accident, Claim, Suit Or Loss**
        We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

        **a.**   In the event of "accident", claim, "suit" or "loss, you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

            **(1)**  How, when and where the "accident" or "loss" occurred;

            **(2)**  The "insured's" name and address; and

            **(3)**  To the extent possible, the names and addresses of any injured persons and witnesses.

        **b.**   Additionally, you and any other involved "insured" must

            **(1)**  Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

            **(2)**  Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

            **(3)**  Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

            **(4)**  Authorize us to obtain medical records or other pertinent information;

            **(5)**  Submit to examination, at your expense, by physicians of our choice, as often as we reasonably require.

* * *

**COMMERCIAL AUTOMOBILE EXTENSION ENDORSEMENT ENERGY**

This endorsement modifies insurance provided under the following:

**BUSINESS AUTO COVERAGE FORM**

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

---

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**        **Page 5**

The Coverage Extensions provided by this endorsement either modify or are in addition to the coverage granted under the Business Auto Coverage Form.  If your policy includes other endorsements in addition to this Commercial Automobile Extensions Endorsement, and there is a conflict between  any of the terms of such endorsement(s) and this Commercial Automobile Extension Endorsement, the terms of the other endorsement(s) shall be given priority and control over the terms set forth in this Commercial Automobile Extension Endorsement, even if the terms of such other endorsement(s) have the effect of limiting, excluding or reducing the coverage provided under this Commercial Automobile Extension Endorsement.

\* \* \*

The BUSINESS AUTO COVERAGE FORM is amended to include the following additions and extensions of coverage:

\* \* \*

**F.    EMPLOYEES AS INSUREDS**

Under SECTION II – COVERED AUTOS LIABILITY COVERAGE, Paragraph A., Subparagraph 1. Who Is An Insured is amended to add the following as an "insured":

Any "employee" of yours while using with your permission a covered "auto" you do not own, hire or borrow if such "auto" is being used in your business or your personal affairs.

**G.    EMPLOYEE HIRED AUTOS LIABILITY COVERAGE**

Under SECTION II – COVERED AUTOS LIABILITY COVERAGE, Paragraph A., Subparagraph 1. Who Is An Insured is amended to add the following as an "insured":

An "employee" of yours is an "insured" while operating an "auto" hired or rented under a written contract or written agreement in that "employee's" name, with your permission, while performing duties related to the conduct of your business.

\* \* \*

## VI.    DECLARATORY RELIEF SOUGHT

12.    New York Marine seeks a declaration that it has no duty to indemnify the claims and damages asserted in the underlying lawsuit.  The terms and conditions of the policy quoted above bar coverage for the damages sought by Rogers.  Specifically, Wood was not entrusted by Rental Xpress with the vehicle involved in the accident, and he was not driving the vehicle with the permission of Rental Xpress.  Instead, the evidence indicates that Wood drove the subject vehicle from the work site after his shift without permission or authorization from Rental Xpress.

Accordingly, Wood is not an "insured" under the policy, the insuring agreement of the policy is not satisfied, and New York Marine owes no obligations under its policy to Defendants.

13.    Alternatively, the New York Marine policy conditions require that all "insureds" "[c]ooperate with us in the investigation or settlement of the claim or defense against the 'suit.'" To the extent he may qualify as an insured under the New York Marine policy, Wood has failed to comply with the conditions of the policy. Wood has failed to cooperate or participate in the defense of himself or Rental Xpress in the underlying lawsuit, including by refusing to communicate with defense counsel or New York Marine and refusing to provide testimony or prepare for trial. Such conduct has materially prejudiced the defense of the underlying lawsuit. Accordingly, New York Marine owes no coverage obligations under the policy to Defendants.

## VII.    PRAYER

THEREFORE, New York Marine requests that the Court enter a declaratory judgment that New York Marine has no duty to indemnify the claims and damages asserted in the underlying lawsuit. New York Marine further requests that the Court grant all other and further relief to which it may show itself entitled at law or in equity.

Respectfully submitted,


/s/ J. Richard Harmon
J. Richard Harmon
State Bar No.  09020700
Brett D. Gardner
State Bar No. 24078539
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209

**COUNSEL FOR NEW YORK MARINE AND
GENERAL INSURANCE COMPANY**

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| New York Marine and General Insurance Company | Travis Dale Wood and Mickle J. Rogers |

**(b)** County of Residence of First Listed Plaintiff   New York, New York
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Rusk
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
J. Richard Harmon and Brett D. Gardner,
Thompson, Coe, Cousins & Irons, L.L.P.
700 N. Pearl St., 25th Floor, Dallas, TX 75201; (214) 871-8200

Attorneys *(If Known)*
Michael C. Bristow and Myranda Vaughn
Daniel Stark, P.C.,
P.O. Box 1153, Bryan, TX 77806; (979) 764-8002 for Mickle J. Rogers

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | | **LABOR** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 380 Other Personal | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury / Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | Medical Malpractice / | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | Employment / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | Other / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 2201 and 2202 and 28 U.S.C. § 1332

Brief description of cause:
Insurance Coverage Action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
10/03/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ J. Richard Harmon

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____